# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

v.                                              Criminal Case No: 2:07cr16

BRYAN SCOTT MORLOCK,
          Defendant.

## OPINION/ REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Bryan Scott Morlock, appeared before me in person and by counsel, Steven B. Nanners, on June 14, 2007. The Government appeared by Stephen D. Warner, Assistant United States Attorney.

Thereupon, the Court proceeded with the Rule 11 proceeding by asking Defendant's counsel what Defendant's anticipated plea would be. Counsel responded that Defendant would enter a plea of "Guilty" to a one-count Information. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. Counsel for Defendant stated that the Government's summary of the Plea Agreement was correct. The Court ORDERED the written Plea Agreement filed.

The Court continued with the proceeding by placing Defendant under oath, and thereafter inquiring of Defendant as to his understanding of his right to have an Article III Judge hear his plea and his willingness to waive that right, and instead have a Magistrate Judge hear his plea. Defendant stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before the United

States Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Bryan Scott Morlock, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court. The Court ORDERED the written Waiver and Consent filed.

Defendant thereafter stated in open court he understood and agreed with the terms of the written plea agreement as summarized by the Assistant United States Attorney during the hearing, and that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement dated June 11, 2007, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge inquired of Defendant and his counsel relative to Defendant's knowledge and understanding of his constitutional right to proceed by Indictment and the voluntariness of his Consent to Proceed by Information and of his Waiver of his right to proceed

by Indictment, to which Defendant and his counsel verbally acknowledged their understanding and Defendant, under oath, acknowledged his voluntary waiver of his right to proceed by Indictment and his agreement to voluntarily proceed by Information. Defendant and his counsel executed a written Waiver of Indictment. Thereupon, the undersigned Magistrate Judge received and ORDERED the Waiver of Indictment and the Information filed and made a part of the record herein.

The undersigned Magistrate Judge further inquired of Defendant, his counsel and the Government as to the non-binding aspects of the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in the Information, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation contained within the plea agreement or pre-sentence report.

The undersigned Magistrate Judge further addressed the stipulation contained in the written plea bargain agreement, which provides:

The parties agree and stipulate to the following:

A. The total drug relevant conduct of the defendant is the amount and quantity of drugs seized from him on or about June 7, 2007, by the Upshur County Sheriff's Department, during a traffic stop on U.S. Route 33, near Buckhannon, in Upshur County, West Virginia. These drugs appear to be approximately an ounce of cocaine base (also known as crack cocaine) and an ounce of cocaine hydrochloride (also known as powder cocaine, or cocaine). The Upshur County Sheriff's Department will submit these drugs

to the West Virginia State Police Forensic Laboratory, and the parties agree that the defendant's total drug relevant conduct will be determined by the results of this testing.

B. Regardless of testing results at the WVSP Forensic Laboratory, the parties agree and stipulate that the defendant's base offense level (i.e., before three levels downward for acceptance of responsibility ) is not greater than 28, pursuant to Guideline 2D1.1(c)(6).

C. There are no firearms involved in the offense, and there are no other Guideline specific offense characteristics.

The undersigned then advised Defendant, counsel for Defendant, and counsel for the United States, and determined that the same understood that the Court is not bound by the above stipulation and is not required to accept the above stipulation, and that should the Court not accept the above stipulation, Defendant would not have the right to withdraw his plea of Guilty to the one-count Information.

The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, in the event the District Judge rejected Defendant's plea of guilty, Defendant would be permitted to withdraw his plea and proceed to trial. However, Defendant was further advised if the District Court Judge accepted his plea of guilty to the felony charge contained in the one-count Information, Defendant would not be permitted to withdraw his guilty plea even if the Judge refused to follow the non-binding recommendations contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected. Defendant and his counsel each acknowledged his understanding and Defendant maintained his desire to enter a plea of guilty.

The Court confirmed the Defendant had received and reviewed the one-count Information in this matter with his attorney. The undersigned reviewed with Defendant the statutory penalties

4

applicable to an individual adjudicated guilty of the felony charge contained in the Information, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him; understood that the maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a term of not more than twenty (20) years; understood that a fine of not more than $1,000,000.00 could be imposed; understood that both imprisonment and fine could be imposed; understood he would be subject to at least three (3) years of supervised release; understood the Court would impose a special assessment of $100.00 for the felony conviction payable at the time of sentencing; understood that the Court may require him to pay the costs of his incarceration, the costs of community confinement and the costs of supervised release; understood that his actual sentence would be determined after a pre-sentence report was prepared and a sentencing hearing conducted; and further determined that Defendant was competent to proceed with the Rule 11 plea hearing.

The undersigned Magistrate Judge further examined Defendant with regard to his understanding of the impact of his conditional waiver of his direct and collateral appeal rights as contained in his written plea agreement and determined he understood those rights and voluntarily gave them up under the conditions as stated in the written plea agreement.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11. At a point during the hearing, Defendant stated he had thought he might have had a defense to the charges, in that he had believed the police did not have probable cause to stop him in his truck. After speaking with his counsel, however, he decided to

5

plead Guilty. The undersigned further advised Defendant that by continuing with his guilty plea and by conditionally waiving his right to appeal, he was giving up any defense he may have had or may have thought he had. Defendant stated he understood, and was giving up that argument. Upon inquiry, Defendant's counsel stated he did not believe Defendant had a viable defense.

The undersigned then reviewed with Defendant the one-count Information, including the elements the United States would have to prove at trial, charging him with possession of crack cocaine with intent to distribute, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

The Court then heard the testimony of Government witness Troy Brady, who testified that he is a Deputy with the Upshur County Sheriff's Department. On June 7, 2007, he was on duty in his cruiser near Rt 20 in Upshur County. He saw a vehicle make a turn onto Rt. 33 W. without signaling and performed a traffic stop. Defendant was the driver of the vehicle. Dpty. Brady asked Defendant for his license, registration, and proof of insurance. Sgt. Powers subsequently arrived and was checking the vehicle's V.I.N. number because Dpty. Brady believed the plates may have been stolen, when he saw a small bag in the front of the vehicle. The officers obtained Defendant's consent to search the vehicle, including a signed written consent. While the officers did not find anything in the vehicle itself, Defendant and a young boy with Defendant did have on their person baggies of crack and powder cocaine. The drugs were submitted to the West Virginia State Police laboratory. Defendant made a statement to police in which he admitted he had been dealing to people in the Upshur County area for about a year.

Defendant testified that he heard and understood Dpty. Brady's testimony and did not disagree with any of that testimony. Thereupon, Defendant, Bryan Scott Morlock, with the consent

6

of his counsel, Steven B. Nanners, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in the one-count Information. Defendant then testified the he believed he was guilty of the offense charged in the Information because he got pulled over with two ounces of drugs, one coke and one crack, with the intent to sell them, and he "got caught with it."

Based upon the testimony of Dpty. Brady, the undersigned United States Magistrate Judge finds there is an independent basis in fact for Defendant's plea of Guilty to the one-count Information. That independent basis in fact is further supported by Defendant's allocution.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood his right to have an Article III Judge hear his plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing his plea; Defendant knowingly and voluntarily waived his right to proceed by Indictment and elected to proceed by Information; Defendant understood the charges against him; Defendant understood the consequences of his plea of guilty; Defendant made a knowing and voluntary plea; and Defendant's plea is supported by the testimony of Deputy Brady as well as Defendant's own allocution.

The undersigned United States Magistrate Judge therefore recommends Defendant's plea of guilty to the felony charge contained in the one-count Information herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation and a Pre-Sentence Investigation Report, and that the Defendant be adjudged guilty on said charge as contained in said one-count Information and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report to be prepared by the adult probation officer assigned to this case, be held in abeyance pending notice by the AUSA and

Defendant's counsel to the Court. The undersigned United States Magistrate Judge further recommends that sentencing in this matter be delayed until after November 1, 2007, due to the issue of a newly-promulgated, but not adopted amendment to the Sentencing Guidelines that would adjust the quantity thresholds for crack cocaine so that the base offense level for crack would be reduced by two levels.[1] The AUSA stated that the DOJ objected to such a delay as a general matter but in

---

[1]

On April 27, 2007, the [United States Sentencing] Commission promulgated an amendment to USSG §2D1.1 (Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offenses); Attempt or Conspiracy) to adjust the quantity thresholds for crack cocaine ("cocaine base") so that the base offense level for cocaine base, as determined by the Drug Quantity Table, will be reduced by two levels. The amendment results in the base offense level corresponding to a guideline range that includes the five-year and ten-year mandatory minimum term of imprisonment for five and 50 grams of crack cocaine, respectively. Prior to the amendment, at least five grams but less than 20 grams of cocaine base were assigned a base offense level of 26 (63 to 78 months at Criminal History Category I), and at least 50 grams but less than 150 grams of cocaine base were assigned a base offense level of 32 (121 to 151 months at Criminal History Category I). Pursuant to the amendment, those same quantities of cocaine base will be assigned a base offense level of 24 (51 to 63 months at Criminal History Category I) and 30 (97 to 121 months at Criminal History Category I), respectively.

The amendment also addresses how to determine the base offense level in a case involving cocaine base and other controlled substances. Prior to the amendment, there was a mathematical relationship among all drug types that was used to structure both the Drug Quantity Table and the Drug Equivalency Tables. As a result, the marihuana equivalencies set forth in Drug Equivalency Table could be used to determine the base offense level in any case involving differing controlled substances. By restructuring the Drug Quantity Table for cocaine base offenses only, the amendment will alter the mathematical relationship between cocaine base and other drug types to varying degrees throughout the Drug Quantity Table. The amendment, therefore provides an alternative method for determining the combined offense level in an offense involving cocaine base and other drugs.

The amendment, [] absent congressional action to the contrary, becomes effective November 1, 2007[.]

United States Sentencing Commission Report to the Congress: Cocaine and Federal Sentencing Policy (May 2007).

8

this particular case the delay may be of no note due to the planned cooperation of Defendant. The undersigned therefore recommends sentencing in this matter be delayed until November 1, 2007, so that, should the promulgated amendment became effective, Defendant might have the benefit, if any, of that amendment at sentencing.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

It appearing that this was Defendant's first appearance before the Court, it is hereby Ordered that Defendant is released pursuant to an Order Setting Conditions of Release to be entered in this matter.

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record and to file this Report and Recommendation UNDER SEAL. The Clerk is further directed to SEAL this entire matter until further notice from the Court.

Respectfully submitted this 15 day of June, 2007.

JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE